United States District Court
Middle District of Florida
Jacksonville Division

**STRIKE 3 HOLDINGS, LLC,**

    *Plaintiff,*

v.                                    **NO. 3:25-CV-232-HES-PDB**

**JOHN DOE SUBSCRIBER ASSIGNED
IP ADDRESS 73.224.179.247,**

    *Defendant.*

## Order

In this BitTorrent litigation, Strike 3 Holdings, LLC, moves for leave to subpoena Comcast Cable or Comcast Cable Communications, LLC, before discovery begins. Doc. 7 (motion); Docs. 7-1 to 7-3 (supporting declarations); Doc. 7-4 (proposed subpoena).[1] From Comcast, Strike 3 wants the name and address of the subscriber associated with IP address 73.224.179.247 on February 5, 2025, at 14:47:30. Doc. 7-4 at 1, 4.

Unless authorized by a court order, parties generally cannot begin discovery until after the case-management conference. Fed. R. Civ. P. 26(d). Courts have permitted early discovery upon a showing of good cause. *See, e.g.*, *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015). "Good cause" is hard to define but "generally signifies a sound basis or legitimate

---

[1] In the motion, Strike 3 asks for leave to subpoena "Comcast Cable." Doc. 7 at 1. The proposed subpoena is to "Comcast Cable Communications, LLC." Doc. 7-4 at 1. Strike 3 provides no explanation for the difference.

need to take judicial action" after balancing the interests involved. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

As in similar cases before this Court, Strike 3 shows good cause. Strike 3 appears to state a claim for copyright infringement.[2] *See* Doc. 1 (complaint). Strike 3 seeks limited information (only a name and an address). *See* Doc. 7-4 at 1 (proposed subpoena). And Strike 3 shows it cannot pursue this litigation without the information. *See* Doc. 7-2 ¶ 28 (Patrick Paige's declaration).

Because multiple persons may use a single IP address, the subscriber might not be the alleged infringer. Considering the nature of the alleged copyrighted material, procedural protections—as encouraged by Strike 3 itself, Doc. 7 at 14—are necessary to avoid undue embarrassment.

The Court **grants** Strike 3's motion, Doc. 7, and permits Strike 3 to immediately serve the subpoena provided with the motion, Doc. 7-4, using the following procedural protections.

1. Strike 3 must include with the subpoena a copy of the complaint, Doc. 1, and this order.

2. Strike 3 must follow its practices described in its motion under the heading "Strike 3 Brings its Litigation in Good Faith," Doc. 7 at 5–6.

3. Pending further order, neither party may file anything with the Court identifying the defendant by name. For a summons, Strike 3 should call the clerk's office at (904) 549-1900, request a blank summons, and complete the summons itself.

---

[2]Having received no adversarial briefing, the Court does not hold that Strike 3 actually states a claim for copyright infringement.

4. Within twenty-eight days of receiving from Comcast the name and address of the subscriber, Strike 3 must provide a copy of this order to the subscriber. The subscriber may obtain legal counsel. Anything the subscriber says or provides might be used against the subscriber.

5. If the parties resolve the dispute, Strike 3 must expeditiously effect dismissal in accordance with Federal Rule of Civil Procedure 41.

6. If the parties do not resolve the dispute and the defendant wants to remain anonymous, the defendant must move to proceed anonymously with the defendant's first filing, satisfying the standard for proceeding anonymously described in *Plaintiff B v. Francis*, 631 F.3d 1310, 1315−16 (11th Cir. 2011).

**Ordered** in Jacksonville, Florida, on April 8, 2025.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

3